# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-CR-044-JHP |
| ROBBIE LYNN NARAMOR, ) | |
| Defendant, ) | |

## ORDER

Prior to sentencing, Defendant Robbie Lynn Naramor, through court-appointed counsel, filed a motion requesting a determination of his mental competency to proceed.[1] The Court granted Defendant's request and ordered a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. § 4241(b).[2] To this end, Defendant was evaluated by Judith Campbell,, Ph.D. at the Federal Medical Center, Lexington, Kentucky.[3] After receiving the Evaluation prepared by Campbell, the Court set a competency hearing for June 9, 2011.[4]

In an Order dated June 13, 2011, the Court found that Defendant was suffering from a disease or mental defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his

---

[1] Docket No. 59.

[2] Docket No. 61.

[3] Docket No. 64.

[4] Docket No.'s 65, 66.

defense.[5] The Court then ordered further psychiatric evaluation.[6]

On January 17, 2012, the Court received a second Evaluation.[7] This Evaluation was performed by Kwanna Williamson, M.D. and Carlton Pyant, Ph.D, at the Federal Medical Center in Butner, North Carolina.[8] After receiving this Evaluation, the Court set a second competency hearing for April 3, 2012.[9] At this hearing, the parties stipulated to the Evaluation, but presented no additional evidence or testimony.

Based upon its own observations of Defendant and its review of the record in this case, including the conclusions set forth in the second evaluation, the Court finds that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[10] The Court notes that this competency is dependant on Defendant's continued treatment with psychotropic medication.[11]

Neither Defendant's demeanor nor his conduct in open court at the second hearing provides any evidence of mental incompetency. Defendant made no outbursts and displayed no unusual

---

[5]Docket No. 68.

[6]Docket No. 68.

[7]Docket No. 71.

[8]*Id*.

[9]Docket No. 75.

[10]18 U.S.C. § 4241(d); *see Nguyen v. Reynolds*, 131 F.3d 1340, 1346 (10th Cir. 1997) ("Competence to stand trial requires that a defendant have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'") (*quoting Dusky v. United States*, 362 U.S. 402, 402 (1960)).

[11]Sealed Evaluation at 13, Docket No. 71.

behavior. The Evaluation, to which the parties have stipulated, is consistent with the Court's observations. The opinion and observations in the Evaluation reinforce the Court's own determination that there is no evidence indicating that Defendant suffers from any mental condition that would impair his ability to understand the nature and consequences of the proceedings against his or to properly assist in his own defense. Accordingly, the Court finds that Defendant is competent to proceed with sentencing.

IT IS SO ORDERED 3rd day of April, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma